UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

| | |
|---|---|
| THERON MAXTON, <br>     Plaintiff, <br>     v. <br> BUREAU OF PRISONS DIRECTOR, et al., <br>     Defendants. | No. 5:19-cv-00217-JGB-JDE <br><br> ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED PURSUANT TO 28 U.S.C. § 1915(g) |

Plaintiff Theron Maxton ("Plaintiff"), who is currently incarcerated at the United States Penitentiary – Victorville ("the Prison"), has filed a pro se civil rights action, alleging the denial of medical treatment. In his operative First Amended Complaint (Dkt. 7, "FAC"), Plaintiff names the following defendants: the Federal Bureau of Prisons Director, Richard Perkins, Jose Esquetine, A. Cortes Reyes, and the United States Attorney General. On March 5, 2019, Plaintiff filed a Request to Proceed in forma pauperis ("IFP"). Dkt. 5.

Pursuant to 28 U.S.C. § 1915(g), a prisoner is prohibited from "bring[ing] a civil action or appeal" IFP if the prisoner:

has, on 3 or more prior occasions, while incarcerated or detained

in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Section 1915(g) "is commonly known as the 'three strikes' provision. 'Strikes' are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that[they were] frivolous, malicious, or fail[] to state a claim . . . ." Andrews v. King, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (as amended) (first two alterations in original). Courts may raise Section 1915(g) *sua sponte* and dismiss the action after providing the plaintiff with an opportunity to be heard. See id. at 1120; see also Strope v. Cummings, 653 F.3d 1271, 1273 (10th Cir. 2011) (courts "may raise the issue of strikes sua sponte"); Hernandez v. Ventura Cty., 2010 WL 5313476, at *2 (C.D. Cal. Nov. 16, 2010) ("Courts may, *sua sponte*, dismiss an action that is barred by Section 1915(g), but must notify the prisoner/litigant of the strikes it considers to support such a dismissal, and allow the prisoner an opportunity to be heard on the matter before dismissing the case."), Report and Recommendation adopted by 2010 WL 5315438 (C.D. Cal. Dec. 15, 2010). Once the Court notifies a plaintiff that his case may be subject to dismissal under Section 1915(g), the plaintiff bears the ultimate burden of persuading the Court that Section 1915(g) does not apply. Andrews, 398 F.3d at 1120. "A dismissal under Section 1915(g) is without prejudice to a plaintiff refiling his civil rights complaint after prepayment of the full filing fee." Hernandez, 2010 WL 5313476, at *2.

Here, Plaintiff concedes that he has filed "a[l]ot" of prior lawsuits in federal court while a prisoner, and attaches an exhibit listing approximately 200 prior cases. FAC at 1, Exh. B. He has been described as "the strikeout king

of South Carolina" because he "has filed over one hundred separate cases, most of which have been determined to be frivolous." Apparently, in the United States District Court for the District of South Carolina, "Plaintiff has been subject to an order of pre-filing review as to medical and dental cases since 1996." Maxton v. Murray, Case No. 0:00-3343-DCN (D.S.C.), Dkt. 8. Based on the Court's independent review of Plaintiff's prior actions, at least four of his prior actions were dismissed as frivolous, malicious, or for failure to state a claim, including the following:

    1. Maxton v. Muntz, United States District Court for the Eastern District of North Carolina, Case No. 5:98-ct-00033-BO (dismissed as frivolous);

    2. Maxton v. Johnson, United States District Court for the Eastern District of North Carolina, Case No. 5:98-ct-00206-H (dismissed as frivolous; appeal dismissed for want of prosecution);

    3. Maxton v. Shedd, United States District Court for the District of South Carolina, Case No. 0:98-cv-01785-DCN (dismissing action because sole defendant entitled to absolute judicial immunity and deeming case a "strike" under Section 1915(g); appeal dismissed for want of prosecution); and

    4. Maxton v. McGowan, United States District Court for the District of South Carolina, Case No. 0:98-0231-DCN (dismissing action because sole defendant entitled to absolute judicial immunity and deeming case a "strike" for purposes of Section 1915(g); appeal dismissed for want of prosecution).

Although Section 1915(g) provides a narrow exception permitting a prisoner who has had three prior "strikes" but who is in "imminent danger of serious physical injury" to proceed despite the strikes, 28 U.S.C. § 1915(g); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc), Plaintiff has not plausibly alleged he is under imminent danger of serious physical injury. The danger must exist at the time the prisoner filed the complaint, not at some earlier or later time. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th

Cir. 2007) (as amended). "[A] prisoner who alleges that prison officials continue with a practice that has injured him or others similarly situated in the past will satisfy the 'ongoing danger' standard and meet the imminence prong of the three-strikes exception." Id. at 1056-57.

Plaintiff alleges that he has been denied medical treatment "for prostate cancer for five years and for bladder infection, colon cancer . . . rectal bleeding, also for the past five years . . . denied [a] hernia operation for the past ten years . . . denied treatment for [his] C.O.P.D. for the past 9 years . . . denied for [his] asthma for the past 6 years, and . . . denied treatment for neck and shoulder pain." FAC at 5. Even if the Court were to conclude that Plaintiff's medical conditions qualify as "serious physical" injuries, see Ibrahim v. District of Columbia, 463 F.3d 3, 7 (D.C. Cir. 2006) (concluding that "a chronic disease that could result in serious harm or even death constitutes a 'serious physical injury'"), Plaintiff has not satisfied the "imminent danger" prong of the exception. By his own admission, Plaintiff has been suffering from these medical conditions for years. Plaintiff does not allege that his conditions have substantially changed; or that he will suffer or has suffered any injury as a result of the alleged denial of medical treatment at the Prison. See Andrews, 493 F.3d at 1056-57; see also Ibrahim, 463 F.3d at 7 (plaintiff satisfied "imminent danger" prong where he alleged that the lack of adequate treatment resulted in "'diminished liver function, damage, [and] fibrosis/cirrhosis,' and that he [was] at risk for *further* liver damage, as well as 'death, liver and multiple organ failures, [and] sufferance'"); Hicks v. Bobballa, 680 F. App'x 559, 560 (9th Cir. 2017) (plaintiff made plausible allegation that he was under imminent danger of serious physical injury where he alleged that inadequate physical therapy caused paralysis in his left arm and his prescribed pain medication put him at heightened risk for liver disease because he suffered from hepatitis C). Plaintiff's conclusory assertion, without any factual support,

4

that Defendants are "letting" him "die" (Dkt. 1 at 1) is insufficient by itself to make a plausible allegation that he is under imminent danger of serious physical injury. As one magistrate judge noted, "Plaintiff appears to have a pattern of accusing the prison staff at prisons across the country in which he was incarcerated of attempting to kill him in various ways and denying him medical care for various illnesses." Maxton v. Thomas, Case No. 1:13-cv-1134-WWC (M.D. Penn.), Dkt. 26 at 8. Indeed, the Middle District of Pennsylvania has previously found Plaintiff's allegations regarding the denial of proper medical care for his prostate cancer, asthma, high blood pressure, and hernia and foot conditions, including an allegation that defendants were "letting [him] die," did not constitute allegations of imminent danger of serious physical injury. See Maxton v. Pigos, Case No. 1:13-cv-01213-WWC (M.D. Penn., Dkt. 27, 31.

Accordingly, Plaintiff is ORDERED TO SHOW CAUSE why his request to proceed in forma pauperis should not be denied on the grounds that he has suffered three or more "strikes" within the meaning of 28 U.S.C. § 1915(g) and has not plausibly alleged that he is under imminent danger of serious physical injury. By **July 15, 2019,** Plaintiff shall file a written response to this Order. In the alternative, Plaintiff may avoid dismissal by paying the full filing fee by the July 15, 2019 deadline.

The Court warns Plaintiff that failure to timely respond as directed in this Order may result in the denial of Plaintiff's IFP request and the dismissal of this action.

Dated: June 24, 2019

_____
JOHN D. EARLY
United States Magistrate Judge