UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| THERON MAXTON,<br><br>    Plaintiff,<br><br>    v.<br><br>BUREAU OF PRISONS DIRECTOR, et al.,<br><br>    Defendants. | No. 5:19-cv-00217-JGB-JDE<br><br>ORDER DISMISSING ACTION PURSUANT TO 28 U.S.C. § 1915(g) |

## I.

## INTRODUCTION

On February 4, 2019, Plaintiff Theron Maxton ("Plaintiff"), who is currently incarcerated at the United States Penitentiary – Victorville ("the Prison"), filed a document entitled, "Petition For a Court Order." Dkt. 1. The filing did not contain a complaint, but alleged that Plaintiff was being denied medical treatment and sought "an Emergency order" to be taken to an outside medical hospital for treatment. On March 5, 2019, Plaintiff filed a Request to Proceed in forma pauperis ("IFP"). Dkt. 5.

As it was unclear whether Plaintiff was seeking to pursue a civil rights action, by Order dated April 1, 2019, the assigned Magistrate Judge instructed

Plaintiff to file a First Amended Complaint if he desired to pursue a civil rights claim. Dkt. 6. On April 18, 2019, Plaintiff filed a pro se civil rights his First Amended Complaint (Dkt. 7, "FAC") against the Federal Bureau of Prisons ("BOP") Director, Richard Perkins ("Perkins"), Jose Esquetine ("Esquetine"), A. Cortes Reyes ("Reyes"), and the United States Attorney General.

On June 24, 2019, the Magistrate Judge issued an Order to Show Cause, which advised Plaintiff that based on his history of filing prior actions, Plaintiff appeared ineligible to proceed IFP, and ordered Plaintiff to either: (1) show cause "why his request to proceed in forma pauperis should not be denied on the grounds that he has suffered three or more 'strikes' within the meaning of 28 U.S.C. § 1915(g) and has not plausibly alleged that he is under imminent danger of serious physical injury"; or (2) pay the full filing fee. Dkt. 9 ("OSC").

On July 10, 2019, Plaintiff filed his Response to the OSC, arguing that most of his prior cases were dismissed without prejudice and he is in imminent danger of serious physical injury. Dkt. 10 ("Response").

For the reasons discussed below, Plaintiff's IFP request is denied and this action is dismissed pursuant to 28 U.S.C. § 1915(g).

## II.
## PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that he has been "denied medical treatment for prostate cancer for five years and for bladder infection, colon cancer [growth], rectal bleeding also for the five years, [he has] been denied his hernia op[er]ation for the past ten years, [he has] been denied treatment for [his] C.O.P.D. for the past 9 years and [he has] been denied treatment for [his] asthma for the past 6 years, and [he was] denied treatment for neck and shoulder pain." FAC at 5. Plaintiff contends that Defendants Perkins, Esquetine, and Reyes told him "they didn[']t care what the urology in Colorado, Pennsylvania, Florida said, [he] wasn't getting treated, because it cost to[o] much money . . .." According

to Plaintiff, Perkins and Esquetine further stated that "they were not concern[ed] about Plaintiff having prostate cancer as long as it [wasn't] stage 4." Id.

Plaintiff requests to be transferred to "Butner North Carolina Medical Prisons" for treatment and that each Defendant "be made to pay Plaintiff for pain and suffering." FAC at 6.

## III.

## DISCUSSION

Pursuant to 28 U.S.C. § 1915(g), a prisoner is prohibited from "bring[ing] a civil action or appeal" IFP if the prisoner:

> has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Section 1915(g) "is commonly known as the 'three strikes' provision. 'Strikes' are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that[they were] frivolous, malicious, or fail[] to state a claim . . . ." Andrews v. King, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (as amended) (first two alterations in original). Courts may raise Section 1915(g) *sua sponte* and dismiss the action after providing the plaintiff with an opportunity to be heard. See id. at 1120; see also Strope v. Cummings, 653 F.3d 1271, 1273 (10th Cir. 2011) (courts "may raise the issue of strikes sua sponte"); Hernandez v. Ventura Cty., 2010 WL 5313476, at *2 (C.D. Cal. Nov. 16, 2010) ("Courts may, *sua sponte*, dismiss an action that is barred by Section 1915(g), but must notify the prisoner/litigant of the strikes it considers to support such a dismissal, and allow the prisoner an opportunity to be heard

3

on the matter before dismissing the case."), Report and Recommendation adopted by 2010 WL 5315438 (C.D. Cal. Dec. 15, 2010). Once notified that the case may be subject to dismissal under Section 1915(g), the plaintiff bears the ultimate burden of persuading the Court that Section 1915(g) does not apply. See Andrews, 398 F.3d at 1120. "A dismissal under Section 1915(g) is without prejudice to a plaintiff refiling his civil rights complaint after prepayment of the full filing fee." Hernandez, 2010 WL 5313476, at *2.

Here, Plaintiff concedes he has filed "a[l]ot" of prior lawsuits in federal court while a prisoner, and attaches an exhibit listing approximately 200 prior cases. FAC at 1, Exh. B. He has been described as "the strikeout king of South Carolina" because he "has filed over one hundred separate cases, most of which have been determined to be frivolous." In the United States District Court for the District of South Carolina ("District of South Carolina"), he "has been subject to an order of pre-filing review as to medical and dental cases since 1996." Maxton v. Murray, Case No. 0:00-3343-DCN (D.S.C.), Dkt. 8.

Based on the Court's independent review, at least four of Plaintiff's prior actions were dismissed as frivolous, malicious, or for failure to state a claim. As notice of the records was provided in the OSC, this Court takes judicial notice of the following federal court records pursuant to Federal Rule of Evidence 201: (1) Maxton v. Muntz, Case No. 5:98-ct-00033-BO, filed in the United States District Court for the Eastern District of North Carolina, was dismissed as frivolous; (2) Maxton v. Johnson, Case No. 5:98-ct-00206-H, filed in the United States District Court for the Eastern District of North Carolina, was dismissed as frivolous and the appeal was dismissed for want of prosecution; (3) Maxton v. Shedd, Case No. 0:98-cv-01785-DCN, filed in the District of South Carolina, was dismissed because the sole defendant was entitled to absolute judicial immunity and deemed a "strike" under Section 1915(g); appeal dismissed for want of prosecution; and (4) Maxton v. Currie,

4

Case No. 0:98-0231-DCN, filed in the District of South Carolina, was dismissed on the same grounds and deemed a "strike"; appeal dismissed for want of prosecution. Plaintiff does not dispute that these prior cases qualify as "strikes." Rather, he claims that "most" of his prior cases were dismissed without prejudice. Response at 2. But he fails to address the cases identified in the OSC or provide any evidence these cases were dismissed without prejudice. Thus, the Court finds Plaintiff has, on at least three prior occasions, filed civil actions under 28 U.S.C. § 1915 that have been dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted.

Further, while Section 1915(g) provides a narrow exception permitting a prisoner who has had three prior "strikes" but who is in "imminent danger of serious physical injury" to proceed despite the strikes, 28 U.S.C. § 1915(g); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc), Plaintiff has not plausibly alleged he is under imminent danger of serious physical injury. The danger must exist at the time the prisoner filed the complaint, not at some earlier or later time. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) (as amended). "[A] prisoner who alleges that prison officials continue with a practice that has injured him or others similarly situated in the past will satisfy the 'ongoing danger' standard and meet the imminence prong of the three-strikes exception." Id. at 1056-57.

As explained, Plaintiff alleges he has been denied medical treatment for prostate and colon cancer, a bladder infection, and rectal bleeding for five years; denied a hernia operation for ten years; denied treatment for his C.O.P.D. for nine years; denied treatment for his asthma for six years; and denied treatment for neck and shoulder pain. See FAC at 5. Even if the Court were to conclude that Plaintiff's medical conditions qualify as "serious physical" injuries, see Ibrahim v. District of Columbia, 463 F.3d 3, 7 (D.C. Cir. 2006) (concluding "a chronic disease that could result in serious harm or even death constitutes a

'serious physical injury'"), Plaintiff has not satisfied the "imminent danger" prong of the exception. Plaintiff admits has been suffering from these medical conditions for years. Plaintiff maintains that his life has been in imminent danger since 2014 when a urologist in Denver informed the BOP medical staff that Plaintiff had prostate cancer. He alleges he was recently seen by a urologist in California who purportedly told "Defendant" he needed an operation on his prostate and bladder, but Defendants "denied Plaintiff['s] condition ha[s] change[d] substantially since the filing of this action." Response at 1. Plaintiff vaguely alleges his medical condition has "change[d] substantially" (id. at 2), but provides no explanation. He does not otherwise contend that he will suffer or has suffered any injury as a result of the alleged denial of medical treatment at the Prison. See Andrews, 493 F.3d at 1056-57; see also Ibrahim, 463 F.3d at 7 (plaintiff satisfied "imminent danger" prong where he alleged that the lack of adequate treatment resulted in "'diminished liver function, damage, [and] fibrosis/cirrhosis,' and that he [was] at risk for *further* liver damage, as well as 'death, liver and multiple organ failures, [and] sufferance'"); Hicks v. Bobballa, 680 F. App'x 559, 560 (9th Cir. 2017) (plaintiff made plausible allegation he was under imminent danger of serious physical injury where he alleged inadequate physical therapy caused paralysis in his left arm and his prescribed pain medication put him at heightened risk for liver disease because he suffered from hepatitis C). Plaintiff's conclusory assertions, without any factual support, that Defendants are "letting" him "die" (Dkt. 1 at 1) and have given him a "death sentence" (Response at 2) are not a plausible claim that he is under imminent danger of serious physical injury. As one magistrate judge noted, "Plaintiff appears to have a pattern of accusing the prison staff at prisons across the country in which he was incarcerated of attempting to kill him in various ways and denying him medical care for various illnesses." Maxton v. Thomas, Case No. 1:13-cv-1134-WWC (M.D. Pa.), Dkt. 26 at 8. Indeed, the Middle

District of Pennsylvania has previously found Plaintiff's allegations regarding the denial of proper medical care for his prostate cancer, asthma, high blood pressure, and hernia and foot conditions, including an allegation that defendants were "letting [him] die," did not constitute allegations of imminent danger of serious physical injury. See Maxton v. Pigos, Case No. 1:13-cv-01213-WWC (M.D. Pa.), Dkt. 27, 31. The Court finds that Plaintiff has not sufficiently alleged that he is in imminent danger of serious physical injury.

Having found that Plaintiff has, on at least three prior occasions, filed civil actions under 28 U.S.C. § 1915 that have been dismissed as frivolous, malicious, or for failure to state a claim, and further finding that Plaintiff has not shown he is under imminent danger of serious physical injury, the Court finds that this action must be dismissed without prejudice to its re-filing upon the payment of the $400 filing fee.

## IV.
## CONCLUSION AND ORDER

IT IS HEREBY ORDERED THAT:

1. Reference of this matter to the Magistrate Judge is VACATED;
2. Plaintiff's Request to Proceed In Forma Pauperis is DENIED; and
3. Plaintiff's operative First Amended Complaint is hereby DISMISSED without prejudice and Judgment shall be entered accordingly.

Dated: July 18, 2019

JESUS G. BERNAL
United States District Judge

Presented by:

JOHN D. EARLY
United States Magistrate Judge